**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| LOUIS DWAYNE HARMSTON,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| v.    ) | No. 4:20-CV-496-SRC |
| ) | |
| TED HOUSE,    ) | |
| ) | |
| Defendant.    ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Louis Dwayne Harmston, an inmate at Boonville Correctional Center, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and order plaintiff to pay an initial partial filing fee of $34.30. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the following reasons, the Court will dismiss plaintiff's claims on initial review.

**Initial Filing Fee Under Prison Litigation Reform Act**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to

the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is paid in full. *Id.*

In support of the motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $171.50. The Court will therefore assess an initial partial filing fee of $34.30, which is twenty percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone*

*v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### The Complaint

Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983 alleging that the defendant Circuit Court Judge Ted House, St. Charles County, violated his constitutional rights during his criminal proceedings for domestic assault in the third degree.  *See State v. Harmston*, No. 1711-CR03760-01 (11th Jud. Cir., St. Charles Cty.).  Plaintiff alleges that a pre-trial conference was scheduled in his criminal case for March 9, 2018.  Prior to this date, however, plaintiff states he received notice via telephone that the pre-trial conference had been rescheduled to June 9, 2018.  Plaintiff confirmed this information through Missouri Case.net, and did not appear for the hearing scheduled March 9, 2018 in front of defendant.

Plaintiff states that on March 10, 2018, he was notified that a warrant was issued for his arrest for failure to appear at the March 9, 2018 hearing.  Plaintiff self-reported to jail, believing that he could talk to the defendant and clear up the alleged misunderstanding.  Instead, plaintiff was held on his outstanding warrant until the June 9, 2018 trial date.  Plaintiff states, "The Judge tricked me into missing court, then held me with a high bond and all this while my wife was going through chemotherapy. . . .  I was offered probation and release from jail or I was told I could stay in jail and go to trial."  He states that he was made to plead guilty to the domestic assault charge to get out of jail.

For relief, plaintiff seeks compensatory and punitive damages in the amount of one million dollars.

**Discussion**

Based on the Court's review of plaintiff's underlying criminal case on Missouri Case.net, on February 16, 2018, at the request of defense counsel, the state court issued an order continuing the March 9, 2018 pre-trial conference to June 9, 2018.  *State v. Harmston*, No. 1711-CR03760-01 (Feb. 16, 2018).[1]  This February 16, 2018 typed, form order states "Upon request of Defendant the case is set for entry of a guilty plea on 3-9-18 [handwritten] at 9:00 a.m."  Handwritten next to this paragraph are the words, "Def't ordered to appear."  When plaintiff did not appear for this March 9, 2018 hearing, the state court judge issued a warrant for his arrest.

Viewing the facts in the light most favorable to plaintiff, plaintiff was aware his pre-trial conference date had been continued from March to June, 2018, but he was unaware that the Court had scheduled a guilty plea hearing for March 9, 2018.  Plaintiff's attorney signed the February 16, 2018 order on plaintiff's behalf, but plaintiff was not present at the hearing.  While unfortunate, this misunderstanding does not form a basis for a § 1983 action against the presiding judge.  Judges are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'"  *Penn v. United States*, 335 F.3d 786, 789 (8th Cir. 2003) (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)).  A judge acts in his judicial capacity when he exercises control over his courtroom.  *See Sheppard v. Maxwell*, 384 U.S. 333, 358 (1966) ("the courtroom and courthouse premises are subject to the control of the court").  Plaintiff's allegations do not show that the defendant judge acted outside of his jurisdiction, and he is entitled to absolute immunity.

---

[1] The Court takes judicial notice of these public state records.  *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

Additionally, a plaintiff may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).  On June 1, 2018, plaintiff entered a plea of guilty to one count of domestic assault in the third degree.  Any favorable ruling in this § 1983 action would necessarily imply the invalidity of plaintiff's guilty plea and conviction, which has not been reversed, expunged, or called into question by issuance of a writ of habeas corpus, and is thus *Heck* barred.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**.  [ECF No. 2]

**IT IS FURTHER ORDERED** that within thirty (30) days of the date of this Memorandum and Order, plaintiff must pay an initial filing fee of $34.30.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 24th day of April, 2020.

                                              STEPHEN R. CLARK
                                              UNITED STATES DISTRICT JUDGE